```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION

RESEARCH IN MOTION LIMITED,    §
et al.,                        §
                               § Civil Action No. 3:06-CV-0783-D
            Plaintiffs,        § (Consolidated with
                               §  No. 3:06-CV-1077-D)
VS.                            §
                               §
VISTO CORPORATION,             §
                               §
            Defendant.         §
```

MEMORANDUM OPINION
AND ORDER

Defendant Visto Corporation ("Visto") moves to dismiss one of these consolidated actions for lack of subject matter jurisdiction. Plaintiffs Research in Motion Limited ("RIML") and Research in Motion Corporation ("RIMC") move under 28 U.S.C. § 1404(a) to transfer the cases to the Eastern District of Texas for the convenience of the parties and witnesses or, alternatively, to dismiss them without prejudice under Fed. R. Civ. P. 41(a)(2). The court denies Visto's motion to dismiss and plaintiffs' motion to transfer. It grants plaintiffs' motion to dismiss under Rule 41(a)(2) to the extent of dismissing their claims against Visto, and it denies the motion to dismiss Visto's counterclaims.

I

In April 2006 Visto filed suit in the Eastern District of Texas alleging that RIML and RIMC are infringing U.S. Patent Nos. 6,085,192 ("the '192 patent"), 6,151,606 ("the '606 patent"), 6,023,708 ("the '708 patent"), and 6,708,221 ("the '221 patent").

The next business day, RIML and RIMC filed the first of these two consolidated actions, seeking a declaratory judgment that the '192 patent, the '606 patent, and the '221 patent are not infringed and are invalid.[1]  RIML and RIMC also asserted these claims as counterclaims in Visto's suit in the Eastern District of Texas. Visto moved the court to transfer, dismiss, or stay the declaratory judgment action based on Visto's first-filed suit.  On the day that Visto filed its motion, RIML and RIMC amended their complaint to assert that Visto was infringing U.S. Patent Nos. 6,219,694 ("the '694 patent") and 6,389,457 ("the '457 patent").  Visto counterclaimed, seeking declarations that the '694 patent and '457 patent are invalid and not infringed.  In July 2006 the court granted Visto's motion to the extent that it dismissed without prejudice the claims of RIML and RIMC seeking a declaratory judgment that the '192 patent, the '606 patent, the '708 patent, and the '221 patent are not infringed and are invalid.  This order left pending the claims of RIML and RIMC that Visto was infringing the '694 patent and the '457 patent and Visto's declaratory judgment counterclaims for invalidity and noninfringement of these patents.

In June 2006 RIML and RIMC filed a second suit in this court in which they requested a declaration of invalidity and

---

[1]RIML and RIMC maintain that they did not include the '708 patent in their suit because it is currently undergoing two reexamination proceedings.

noninfringement of Visto's U.S. Patent No. 7,039,679 ("the '679 patent"). On their motion, the court consolidated the case with the one they had filed in April. Accordingly, the actions that are currently pending are RIML and RIMC's claims that Visto is infringing the '694 patent and the '457 patent, Visto's declaratory judgment counterclaims for invalidity and noninfringement of these patents, and RIML and RIMC's claim for a declaratory judgment that the '679 patent is invalid and that they are not infringing the patent.

II

The court turns first to Visto's motion to dismiss for lack of subject matter jurisdiction. Visto maintains that the court lacks subject matter jurisdiction over RIML and RIMC's claim for a declaratory judgment that the '679 patent is invalid and that they are not infringing the patent. It posits that RIML and RIMC cannot demonstrate that Visto has made an explicit threat or taken other action that creates a reasonable apprehension that it will sue them for infringing the patent.

A

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "parallels Article III of the Constitution, [and] 'requires an actual controversy between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment.'" *Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1331 (Fed. Cir.

2005) (quoting *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996)).  "Generally, the presence of an 'actual controversy,' within the meaning of the Act, depends on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *Id.* (quoting *EMC Corp.*, 89 F.3d at 810).

> The Federal Circuit has
>
>> articulated a two-part test to determine whether an "actual controversy" exists in actions involving a claim for a declaration of patent invalidity or noninfringement.  Under that test, the declaratory plaintiff must establish both (1) a reasonable apprehension that it will face a patent infringement suit if it commences or continues the activity at issue, and (2) present activity by the declaratory plaintiff that could constitute infringement, or concrete steps taken by the plaintiff with the intent to conduct such activity.

*Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 942 (Fed. Cir. 2006) (citing *Medimmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1379 (Fed. Cir. 2005)).

> There must be both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity.

*Teva*, 395 F.3d at 1332 (citing *Gen-Probe, Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999); *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)). There must be a real and substantial dispute. *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 879 (Fed. Cir. 1983) ("This requires a real and substantial dispute affecting the legal rights and obligations of parties having adverse interests."). The apprehension must be of an imminent lawsuit. *Teva*, 395 F.3d at 1333 ("In order for this case to be one fit for judicial review, Teva must be able to demonstrate that it has a reasonable apprehension of *imminent* suit.").

> Whether there is an actual controversy between parties having adverse legal interests depends upon whether the facts alleged show that there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. This requirement of imminence reflects the Article III mandate that the injury in fact be concrete, and actual or imminent, not conjectural or hypothetical.

*Id.* (citations and internal quotation marks omitted). "The test . . . is objective and is applied to the facts existing when the complaint is filed." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988) (citing *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985)).

The court makes this determination under the totality of the circumstances. *See C.R. Bard*, 716 F.2d at 880 ("We therefore hold

that an examination of the totality of the circumstances must be made to determine whether there is a controversy arising under the patent laws."). Where the declaratory judgment defendant—the patentee—"has denied the factual allegations that allegedly support the existence of [a] case or controversy, the declaratory plaintiff must prove the existence of facts underlying such allegations." *Jervis B. Webb Co. v. S. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984). "[T]he existence of a case or controversy must be evaluated on a claim-by-claim basis." *Id.*

B

Visto maintains that the court does not have subject matter jurisdiction over RIML and RIMC's declaratory judgment action because they cannot establish a reasonable apprehension of a patent infringement lawsuit. Visto argues that because the '679 patent only issued two months ago and Visto has never communicated with RIML or RIMC concerning the patent, the totality of circumstances do not create an objectively reasonable apprehension of such a lawsuit.

RIML and RIMC respond that the '679 patent is a continuation and continuation-in-part of the applications that issued as the '221 patent, '708 patent, and '192 patent. They assert that the technology covered by the '679 patent is the same as that covered by the '221 patent, '708 patent, and '192 patent, which Visto is currently prosecuting against RIML and RIMC in patent infringement

litigation in the Eastern District of Texas. And it maintains that Visto has already asserted or moved the court to assert the '679 patent against several other competitors in litigation similar to that which is currently pending against RIML and RIMC. For example, in a case that Visto has brought against Microsoft Corporation ("Microsoft"), in which it sues under the '221 patent and the '192 patent, Visto amended its complaint in June 2006 (two weeks before RIML and RIMC filed their declaratory judgment action) to add a claim for infringement of the '679 patent. RIML and RIMC posit that they are "next in line to be sued on the '679 patent." Ps. Opposition 3.

C

Visto's motion reflects that the only component of the relevant test that is disputed is whether Visto has made an explicit threat or taken other action that has created a reasonable apprehension that RIML and RIMC will face an infringement suit based on the '679 patent. Considering the totality of the circumstances as of the date RIML and RIMC filed their complaint, the court finds that RIML and RIMC have established a reasonable apprehension that Visto will sue them for infringing the '679 patent.

Visto has already sued RIML and RIMC for infringing the '221 patent, '708 patent, and '192 patent. Visto has thus exhibited the proclivity to protect its patents against possible infringement by

RIML and RIMC.  Visto admits that the '679 patent, although different in scope, is related to its other patents.  RIML and RIMC assert that the '679 patent is a continuation in part of applications that ultimately issued as the '221 patent and a continuation-in-part of the applications that issued as the '708 and '192 patents, a point that Visto appears to concede in its reply brief.  The fact that the patents are so closely connected to patents already the subject of ongoing litigation supports a reasonable apprehension that Visto will sue RIML and RIMC for infringing the '679 patent.[2]

Moreover, after the '679 patent issued, Visto has sought to sue other competitors under similar circumstances.  For example, Visto added a claim for infringement of the '679 patent to its infringement suit against Microsoft, in which it had already asserted claims for infringement of the '221 patent and '192 patent.  Because these same patents are at issue in Visto's pending suit against RIML and RIMC in the Eastern District of Texas, it is reasonable for RIML and RIMC to apprehend that Visto will sue them for infringing the '679 patent.  Additionally, Visto has not made

---

[2]In denying *infra* at § III plaintiffs' motion to transfer under 28 U.S.C. § 1404(a), the court concludes that their allegations concerning the relatedness of pending patent cases are insufficient to support transferring these cases to the Eastern District of Texas.  Unlike plaintiffs' motion to transfer, however, they have offered evidence in opposition to Visto's motion to dismiss.  The court's decision denying the motion to dismiss is not, therefore, inconsistent with its ruling denying the motion to transfer.

a promise or entered into a covenant that it will not sue RIML or RIMC for such alleged infringement.

Accordingly, the court denies Visto's motion to dismiss for lack of subject matter jurisdiction.[3]

III

The court turns next to RIML and RIMC's motion under 28 U.S.C. § 1404(a) to transfer these consolidated actions to the Eastern District of Texas.

A

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex.1983)).

When deciding a motion to transfer under § 1404(a)

---

[3]Visto also urges the court in its discretion to decline to hear the declaratory judgment action. Because the court is granting below plaintiffs' motion to dismiss under Rule 41(a)(2), it need not address the alternative request, which, unlike Visto's principal motion, does not present a question of subject matter jurisdiction but instead raises a question of discretion.

> [t]he court considers several factors in their totality, including (1) plaintiff's choice of forum; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the relative congestion of the courts' dockets; (6) the accessibility of the premises to jury view; (7) the relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (8) the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case.

*Id.* at 811-12 (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F.Supp. 1400, 1401 (E.D. Tex. 1986); *Greiner v. Am. Motor Sales Corp.*, 645 F.Supp. 277, 278 (E.D. Tex. 1986)). "The moving parties bear the burden of proving by a preponderance of the evidence that transfer is appropriate. This requires a particularized showing regarding why transfer is necessary, including identification of key witnesses and the general content of their testimony." *Id.* at 812 (citations omitted).

B

RIML and RIMC have adduced no evidence concerning the factors pertinent to the court's analysis. Instead, they point to Visto's concession that the judge in the Eastern District who is presiding over Visto's litigation against them is already familiar with the technology, products, and patents in question, that the '679 patent is related to, and claims priority over, three patents already at

issue and construed by the court in litigation pending in the Eastern District of Texas between RIML and RIMC and Visto, and that there is substantial overlap in the technology used in both parties' products, which perform wireless transmission of email and other data. RIML and RIMC assert that the parties will likely seek similar discovery in both fora, and that consolidating the cases in one will eliminate unnecessary duplication, inconvenience, and expense.

RIML and RIMC's argument has superficial appeal. As a general matter, "[p]iecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable." *The Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, at *5 (N.D. Tex. Dec. 5, 2003) (Fish, C.J.) (citing *Datatreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591, 594 (N.D. Tex. 2003) (Kaplan, J.)). "In such cases, the interest of justice may dictate transfer 'to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues.'" *Id.* (citing *Gen. Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 362 (4th Cir. 1967)). "By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice." *Id.* (citing *Datatreasury*, 243 F.Supp.2d at 596.) "This untenable prospect

favors resolving related patent cases in the same forum whenever possible, even if the convenience of the parties and witnesses calls for a different result." *Id.* (citations omitted) (citing 15 Charles Alan Wright et al., *Federal Practice & Procedure* § 3854, at 439-40 (1986) (suggesting that "the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.")).

Despite the logic of litigating related patent cases in one forum, RIML and RIMC bear the burden of establishing that the patent claims pending in this court and in the Eastern District are sufficiently related. *See Bank One*, 211 F.Supp.2d at 812 (stating that moving parties bear burden of proving by preponderance of the evidence that transfer is appropriate). Because they rely largely on conclusory assertions and offer no supporting evidence, they have not met their burden. Absent proof, they have failed to demonstrate that the patents at issue here are sufficiently related to the ones being litigated in the Eastern District. Merely because the patents pertain to wireless transmission of email and other data does not, of course, show that they are so related that the litigation should be conducted in a single forum. Accordingly, despite the general desirability of trying related patent cases together, the court finds that RIML and RIMC have not met their burden of demonstrating that these suits should be transferred on this basis.

- 12 -

The court concludes that RIML and RIMC have failed to prove that these actions should be transferred to the Eastern District under § 1404(a) for the convenience of the parties and witnesses.

IV

RIML and RIMC move in the alternative for dismissal without prejudice under Rule 41(a)(2) so that they can refile these cases against Visto in the Eastern District.

A

Rule 41(a)(2) provides that where, as here, the adverse party has served an answer, a district court shall not dismiss an action "at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Under Rule 41(a)(2), a motion for voluntary dismissal should be granted "unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.). Courts have found legal prejudice, for example, when granting a motion for voluntary dismissal would strip the nonmovant of an otherwise available defense, *see, e.g.*, *Elbaor*, 279 F.3d at 318-19, or when the plaintiff waits until a late stage in the litigation, after the defendant has already expended significant resources, *see, e.g., Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir.

- 13 -

1990).

B

Although Visto objects to dismissal of its counterclaims, it does not argue that dismissal of RIML and RIMC's claims will cause it to suffer legal prejudice.  In fact, the court is not persuaded that Visto will suffer any prejudice if plaintiffs' claims are dismissed and they refile them in the Eastern District.  As to RIML and RIMC's claims that Visto is infringing the '694 patent and the '457 patent, Visto will be able (if not required) to assert the same counterclaims for invalidity and noninfringement and to oppose RIML and RIMC's infringement claims on the merits.  And it will be able to defend against RIML and RIMC's declaratory judgment claim concerning Visto's '679 patent. Because the prospect of a second lawsuit itself cannot constitute legal prejudice, the court grants RIML and RIMC's motion to dismiss without prejudice their claims against Visto.

C

Visto also opposes the motion to dismiss on the basis that RIML and RIMC cannot invoke Rule 41(a)(2) to effect the dismissal of Visto's counterclaims.  Rule 41(a)(2) provides that "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the

- 14 -

court." Thus under Rule 41(a)(2), given Visto's objection, it is entitled to have its counterclaims remain pending in this forum. Plaintiffs' motion to dismiss is denied to the extent it would effect dismissal of Visto's counterclaims related to the '694 patent and the '457 patent.

The court recognizes that this decision reaches a somewhat anomalous (and, from Visto's perspective, perhaps an undesirable) result. RIML and RIMC filed two suits in this forum that will now be dismissed and likely refiled in the Eastern District of Texas. Visto, who has been haled into this forum, will now have declaratory judgment counterclaims pending here concerning the '694 patent and the '457 patent. These counterclaims may, of course, be subject to dismissal. In the court's July 11, 2006 order, it declined to hear RIML and RIMC's declaratory judgment actions for patent invalidity and noninfringement because they were also pending as compulsory counterclaims in an earlier-filed suit in the Eastern District. If RIML and RIMC refile these claims in the Eastern District, Visto will probably assert the same or similar counterclaims there. But if this court does not dismiss the counterclaims, Visto will likely be realigned as the plaintiff in litigation it did not initiate and in a forum it did not select. If some or all these odd consequences occur, they are the result of the fact that Visto will not suffer plain legal prejudice from the dismissal of RIML and RIMC's claims and of Visto's objection to

dismissal of its counterclaims. While Visto may now wish to seek dismissal so that its counterclaims can be litigated in the Eastern District, the court will not compel it to do so where, as here, it was within its rights under Rule 41(a)(2) to object to RIML and RIMC's motion.

Accordingly, the court grants RIML and RIMC's Rule 41(a)(2) motion to the extent it dismisses without prejudice their remaining claims. Visto's declaratory judgment counterclaims remain pending in this court.[4]

\*   \*   \*

For the reasons set out, Visto's July 10, 2006 motion to dismiss for lack of subject matter jurisdiction is denied, plaintiffs' July 26, 2006 motion to transfer this case to the Eastern District of Texas under 28 U.S.C. § 1404(a) is denied, and their alternative motion to dismiss these cases without prejudice under Rule 41(a)(2) is granted as to their claims and denied as to Visto's counterclaims.

**SO ORDERED.**

October 19, 2006.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[4] Visto requests in the alternative that, if the court dismisses plaintiffs' claims, it condition dismissal on the requirement that they refile in this district. The court denies this request under the circumstances of this case.