IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RESEARCH IN MOTION LIMITED, et al., | § § § | |
| | § | Civil Action No. 3:06-CV-0783-D |
| Plaintiffs-counterdefendants, | § § | (Consolidated with No. 3:06-CV-1077-D) |
| | § | |
| VS. | § | |
| | § | |
| VISTO CORPORATION, | § | |
| | § | |
| Defendant-counterplaintiff. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs-counterdefendants Research in Motion Limited and Research in Motion Corporation (collectively, "RIM") move the court to dismiss the declaratory judgment counterclaims asserted by defendant-counterplaintiff Visto Corporation ("Visto") or, alternatively, to transfer them to the Eastern District of Texas under 28 U.S.C. § 1404(a). For the reasons that follow, the court grants the alternative motion to transfer.

I

In April 2006 Visto filed suit in the Eastern District of Texas alleging that RIM is infringing U.S. Patent Nos. 6,085,192 ("the '192 patent"), 6,151,606 ("the '606 patent"), 6,023,708 ("the '708 patent"), and 6,708,221 ("the '221 patent").[1]  The next

---

[1]Although the court did not designate its earlier opinion in this case for publication, it was published nonetheless and can be found at *Research in Motion, Ltd. v. Visto Corp.*, 457 F.Supp.2d 708 (N.D. Tex. 2006) (Fitzwater, J.).  The court assumes the parties' familiarity with that decision.

business day, RIM filed an action in this court, seeking a declaratory judgment that the '192 patent, the '606 patent, and the '221 patent are not infringed and are invalid.  RIM also asserted these claims as counterclaims in Visto's suit in the Eastern District of Texas.  Visto moved to transfer, dismiss, or stay the declaratory judgment action based on Visto's first-filed suit.  On the day that Visto filed its motion, RIM amended its complaint to assert that Visto was infringing U.S. Patent Nos. 6,219,694 ("the '694 patent") and 6,389,457 ("the '457 patent").   Visto counterclaimed, seeking declarations that the '694 patent and '457 patent are invalid and not infringed.

In July 2006 the court granted Visto's motion to the extent that it dismissed without prejudice the claims of RIM seeking a declaratory judgment that the '192 patent, the '606 patent, and the '221 patent are not infringed and are invalid.  This order left pending in this court RIM's claims that Visto was infringing the '694 patent and the '457 patent and Visto's declaratory judgment counterclaims for invalidity and noninfringement of these patents.

In June 2006 RIM filed a second suit in this court in which it requested a declaration of invalidity and noninfringement of Visto's U.S. Patent No. 7,039,679 ("the '679 patent").  On its motion, the court consolidated the case with the one filed in May. RIM then filed a motion to transfer its claims against Visto to the Eastern District of Texas or, alternatively, to dismiss the claims

without prejudice to refiling them in the Eastern District of Texas. The court granted RIM's motion to the extent it sought to dismiss voluntarily its own claims against Visto. It declined, however, to dismiss Visto's counterclaims seeking a declaratory judgment of noninfringement and invalidity as to RIM's patents.

RIM promptly moved in the Eastern District of Texas for leave to amend its answer and counterclaims. The motion was granted, and RIM amended to add counterclaims against Visto for infringement of the '694 patent and the '457 patent. Visto replied to RIM's counterclaims, asserting affirmative defenses of invalidity and noninfringement.

All claims regarding Visto's patents are now pending in the Eastern District of Texas. Also pending there are RIM's claims of patent infringement of the asserted RIM patents and Visto's affirmative defenses. The only claims remaining in this court are Visto's counterclaims of invalidity and noninfringement, which are identical to the affirmative defenses Visto has asserted in the Eastern District. RIM now seeks dismissal of Visto's declaratory judgment counterclaims so that the parties may proceed in only one action. Alternatively, RIM seeks transfer of Visto's counterclaims to the Eastern District of Texas under 28 U.S.C. § 1404(a) so that all the claims between the parties will be consolidated in one

case.[2]

## II

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)). Nonetheless, the court may not transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other. *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)). "The burden rests on the [moving party] to prove by a preponderance of the evidence that [the] choice of forum should be disturbed and transfer is appropriate based on a balancing of relevant factors." *Mannatech, Inc. v. K.Y.C., Inc.*, 2006 WL 2216033, at *2 (N.D. Tex. Aug. 3,

---

[2]RIM filed in this court on April 11, 2007 a motion to stay the claim construction deadlines pending resolution of its motion to dismiss or transfer. This motion is moot in light of today's decision.

- 4 -

2006) (Solis, J.) (citations omitted); *see also Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

III

A

The court first addresses "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). The Eastern District of Texas would be a proper venue for this case.

"The court must then balance all relevant factors to determine whether the litigation would be more conveniently held in a different forum and whether the interests of justice would be better served by a transfer." *Mannatech*, 2006 WL 2216033, at *2 (citing *The Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, at *2 (N.D. Tex. Dec. 5, 2003) (Fish, C.J.)). In making its determination, the court considers "a number of private and public interest factors, none of which are given dispositive weight." *In Re Volkswagen AG*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having

- 5 -

> localized interests decided at home; (3) the
> familiarity of the forum with the law that
> will govern the case; and (4) the avoidance of
> unnecessary problems of conflict of laws [or]
> the application of foreign law.

*Id.* (citations and internal quotation marks omitted; bracketed

material added).

B

The court first considers whether the private concerns weigh

in favor of transfer.  Although RIM does not argue that either the

relative ease of access to sources of proof or the availability of

compulsory process to secure the attendance of witnesses favors

transfer to the Eastern District, the court finds that these

factors are neutral.  There do not appear to be any sources of

proof available in the Northern District that would not also be

available in the Eastern District, and vice versa.  Further, there

do not appear to be any unwilling witnesses in this case whose

testimony must be compelled.  The court thus concludes that these

considerations do not weigh either in favor or against transfer.

The court next considers the cost of attendance for willing

witnesses.  "The availability and convenience of witnesses has been

held to be the most significant factor in deciding a § 1404(a)

motion to transfer."  *Mannatech,* 2006 WL 2216033, at *3 (citing

*Busch v. Robertson*, 2006 WL 1222031, at *5 (N.D. Tex. May 5, 2006)

(Lindsay, J).  RIM points out, and Visto does not dispute, that it

will be far more convenient and less costly for the witnesses

- 6 -

appearing in this suit if they only have to appear and testify at one trial in the Eastern District rather than appear for trial in the Eastern District and in this court to testify on identical issues.  The prospect of requiring each witness to appear twice to testify about the same issue weighs heavily in favor of transfer.

The court also finds that the fourth factor——"all other practical problems that make trial of a case easy, expeditious and inexpensive"——strongly favors transfer to the Eastern District.  In the complex and technical area of patent and trademark law, piecemeal litigation is especially undesirable.  *Whistler Group,* 2003 WL 22939214, at *5 (citing *DataTreasury Corp. v. First Data Corp.,* 243 F.Supp.2d 591, 594 (N.D. Tex. 2003) (Kaplan, J.)).  "In such cases, the interest of justice may dictate transfer 'to prevent an extravagantly wasteful and useless duplication of the time and effort of the federal courts by the simultaneous trial of two complex and elaborate cases involving substantially the same factual issues.'"  *Id.* (citing *Gen. Tire & Rubber Co. v. Watkins,* 373 F.2d 361, 362 (4th Cir. 1967)).  "By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice."  *Id.* (citing *DataTreasury,* 243 F.Supp.2d at 596).  "This untenable prospect favors resolving related patent cases in the same forum whenever possible, even if the convenience of the parties and witnesses

- 7 -

calls for a different result." *Id.* (internal citations omitted) (citing 15 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3854, at 439-40 (1986) (suggesting that "the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.")).

Pending in the Eastern District of Texas are Visto's patent infringement claims, RIM's counterclaims of invalidity and noninfringement of Visto's patents, RIM's patent infringement claims, and Visto's affirmative defenses of invalidity and noninfringement of RIM's patents. The only claims left in this court are Visto's counterclaims for declaratory judgment and noninfringement. They are virtually identical to the affirmative defenses already pending in the Eastern District. In deciding RIM's infringement claims, the Eastern District will likely be required to interpret the claims of the asserted RIM patents, learn the technology associated with RIM's patents and Visto's accused products, and learn the prior art. That court will not be able to decide RIM's claims without addressing Visto's counterclaims for noninfringement and invalidity. In sum, all the issues that are before this court in deciding Visto's counterclaims will probably be addressed by the Eastern District in deciding RIM's claims. To adjudicate Visto's counterclaims would require this court to engage in needlessly duplicative litigation. This concern is further

heightened by the general policy against piecemeal litigation of patent issues. Accordingly, the court finds that, on balance, the private interest factors weigh heavily in favor of transfer.

C

The court finds that all the public interest factors are neutral. Neither party argues that the Northern District or Eastern District is more congested, and RIM contends that both communities have the same relation to the events giving rise to this suit. Further, because the trial in both cases will require a federal court to apply patent law, neither factor three nor four weighs in favor or against transfer. Both courts will be equally familiar with the law that will govern the case, and, even if a conflict of laws issue were to arise, both courts would be obligated to apply the same choice of law rules and should reach the same outcome.

The bulk of the factors the court must weigh in determining whether to transfer a case are neutral here. Those that are not neutral——the convenience of witnesses and the practical problems that would prevent the easy, expeditious, and inexpensive resolution of the claims——weigh strongly in favor of transfer. As explained above, courts permit the transfer of claims to "prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One*, 211 F.Supp.2d at 811 (citing *Stabler*, 569 F.

Supp. at 1137).  It would waste time, energy, and money to conduct two different trials in two different fora on what is essentially an identical claim.

Visto seems to agree that having two courts answer the same questions of validity and infringement of RIM's patents would be wasteful and duplicative.  It suggests, however, that instead of permitting transfer of Visto's claims to the Eastern District, the claims filed by RIM in the Eastern District should be transferred for consolidation here.  The court disagrees.

First, even assuming that Visto is correct that it will now be considered the plaintiff in the instant suit, Visto earned this party status by default.  Visto, as the declaratory judgment plaintiff, did not in any sense "choose," in the first instance, to file its claims in this court.  Rather, Visto filed its counterclaims here after RIM, as plaintiff, chose this forum.  The fact that its claims remain pending in this court now that RIM has voluntarily dismissed its own claims does not convert the choice of filing in the Northern District of Texas to one made by Visto. Thus the usual reasons justifying giving the plaintiff's choice of forum special deference do not exist here.  Furthermore, while it is true that a plaintiff's choice of forum is afforded deference, courts do transfer cases when, on balance, the factors weigh heavily in favor of transfer.  *Candela Corp. v. Palomar Med. Techs., Inc.*, 2007 WL 738615, at *3 (E.D. Tex. 2007) (citing *In re*

*Horseshoe Entm't,* 337 F.3d 429, 434 (5th Cir. 2003) ("Plaintiff's choice of forum alone is neither conclusive nor determinative.")). This is especially the case when, as here, plaintiff has already filed claims, including claims for affirmative relief on its own patents, in the transferee forum.  The fact that Visto initially filed its own patent claims against RIM in the Eastern District of Texas suggests that it will not suffer any added inconvenience by being forced to litigate all of its claims there.  Finally, the vast majority of claims between RIM and Visto are already pending in the Eastern District, including both RIM's and Visto's claims for actual damages, and neither party seeks to transfer those claims to the Northern District.

Having considered the relevant factors and determined that, in the interests of wise judicial administration, transfer is appropriate, the court grants RIM's motion to transfer Visto's declaratory judgment counterclaims to the Eastern District of Texas where the related claims between these parties are already pending.[3]

\* \* \*

For the foregoing reasons, RIM's motion to transfer Visto's remaining declaratory judgment counterclaims to the Eastern

---

[3]Because the court grants RIM's motion to transfer, it does not address RIM's alternative motion to dismiss Visto's counterclaims.

- 11 -

District of Texas is granted.  The clerk of court is directed to effect the transfer according to the usual procedure and to close this action statistically.

**SO ORDERED**.

May 17, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE